**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tiko A Johnson, | No. CV-24-02870-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

The Court now considers Plaintiff Tiko Johnson's appeal from the Social Security Administration's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court reviewed the briefing, the Administrative Record ("AR"), and the Administrative Law Judge's ("ALJ") decision (AR 20–34). The Court **affirms** the ALJ's decision for the following reasons.

## I.    BACKGROUND

On July 7, 2021, Plaintiff applied for DIB under Title II, and on August 10, 2021, and he applied for SSI under Title XVI of the Social Security Act ("SSA"), alleging a disability onset date of March 16, 2021. (AR. 20.) Plaintiff's claims were denied initially and on reconsideration. (AR 20.) After an administrative hearing, an ALJ issued an unfavorable decision on April 29, 2024, finding Plaintiff not disabled. (AR. 20–34.) The Appeals Council denied review of that decision, making the ALJ's determination the final decision of the Commissioner of the Social Security Administration. (AR. 3–5.) Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.    LEGAL STANDARD

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *See* 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

The Court only reviews the issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court will uphold an ALJ's decision "unless it contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Id.* (first quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); and then quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). As a general rule, if the "evidence is susceptible to

more than one rational interpretation," the Court will affirm the ALJ's decision. *Burch*, 400 F.3d at 679. That said, the Court should "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orne*, 495 F.3d at 630 (citation modified).

## III. DISCUSSION

Plaintiff raises two issues for the Court's consideration. She contends the ALJ: (1) improperly discredited Plaintiff's symptom testimony; and (2) erred in evaluating the medical opinion evidence. The Court addresses each argument in turn.

### A. The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony

An ALJ employs a two-step process in evaluating a claimant's symptom testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation modified). Second, if there is such objective evidence, and "no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citation modified). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ considered Plaintiff's testimony and found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." (AR 26.) However, the ALJ ultimately found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not reasonably consistent with the medical evidence and other evidence in the record. (AR 26.) The ALJ's determination is supported by substantial evidence.

The ALJ explained that Plaintiff failed to follow a prescribed course of treatment and that Plaintiff's provided testimony was inconsistent with objective medical evidence,

treatment history, and daily activities. These are recognized bases for discounting subjective symptom testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). (holding that inconsistencies between subjective complaints and objective medical evidence is a clear and convincing reason for discounting claimant's testimony); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (noting that "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" can affect the weight afforded to a claimant's symptom testimony (citation modified)); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Regarding Plaintiff's claims of back, neck, hands, hips, and knee pain, the record reflects that diagnostic testing generally revealed mild findings. (AR 26–27, 764, 798, 801, 811, 864, 872, 935.)  The record also reflects that Plaintiff received treatment on multiple instances that successfully mitigated the severity of her symptoms.  (AR 27, 1323, 1440.) The record also reflects that Plaintiff engaged in increased daily activity since receiving positive treatment.  (AR 27, 71, 1440.)  Finally, the record reflects that the severity of some of Plaintiff's symptoms were caused by medical noncompliance. (AR 29, 388.)  At bottom, the ALJ adequately identified which aspects of Plaintiff's testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting the severity of her subjective symptom allegations.

### B. The ALJ Did Not Err in Weighing Medical Source Opinion Evidence

The Court now addresses Plaintiff's argument that the ALJ failed to properly address medical opinion evidence offered by Dr. Pat Chan and Dr. Abraham Cole.  (Doc. 11 at 19.)

An ALJ "must consider all medical opinion evidence."  *Tommasetti*, 533 F.3d

at 1041 (citing 20 C.F.R. § 404.1527(b)).  In examining medical evidence, an ALJ must articulate how persuasive he or she finds the medical opinions from each doctor or other source.  *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023).   Under the revised regulations applicable here,[1] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis.  *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)).  Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence.  20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); § 404.1520c(c)(2).   "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

The ALJ was persuaded by Dr. Chan and Colb's medical opinions insofar as they opined that "light work is the most appropriate for the claimant as it is consistent with the medical evidence" and that "the claimant's paresthesia further supports the need for occasional postural actions and environmental restrictions as determined by Dr. Colb." (AR 31.)   However, the ALJ did "not find consistent with the evidence [Dr. Colb's] determination that the claimant can stand and walk for only 4 hours." (AR 31.)  The ALJ's did not err in being less persuaded by this conclusion.

The ALJ noted, and the record supports, that Plaintiff "did experience some improvement in her symptoms with treatment" and that "diagnostic imaging reports characterize most findings as mild, with the most severe findings characterized as mild-to-moderate." (AR 31.)  Additionally, Dr. Chan opined that Plaintiff could stand and walk for six hours.  (AR 72.)  Accordingly, the ALJ adequately explained her evaluation

---

[1]  Plaintiff filed their benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions.  *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

of Dr. Chan's and Colb's opinions under the applicable regulations, and substantial evidence supports her finding that the opinion was only partially persuasive.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the ALJ's April 29, 2024 decision.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 11th day of March, 2026.

Honorable Susan M. Brnovich
United States District Judge